Mathews, J.
delivered the opinion of the court. This case is before us, on a bill of exceptions, taken to the opinion of the district court, in rejecting a sheriff's deed, which was offered in evidence, by the defendant, to support his title to the land in dispute.
The deed thus rejected, describes the land seized and sold, as a tract of land of twenty arpens, more or less, in front, with the ordinary depth, on or near the bayou Yokely, in the pa *191 rish of St. Mary. The words in front, are interlined, and the interlineations is noted at the foot of the deed, as having been approved by the sheriff: but it does not appear whether this approbation was made before, or after, the execution of the deed.
The defendant and appellant insists, that this interlineation is not a material one, and that, if it be, it was noted as the law requires.
The opinion of the court being, with the defendant, on the first proposition, it will be unnecessary to examine the other.
The description of a tract of Land in a deed of sale, is necessary to fix the local situation, and ascertain its contents.
The interlineation, in the deed under consideration, appears to have been intended for the latter purpose. A tract of twenty arpens, with the ordinary depth, situated on the bayou Yokely, is stated to have been seized and sold, Now, if, by this description, the number of superficial arpens, intended to be sold, may be correctly ascertained, without the words in front, these words are immaterial, and their interlineation ought not to vitiate the deed. The expression, with the ordinary depth, is a technical one, by which, when applied to a survey of land, is always understood in extent of forty *192 arpens. A tract of land, described as containing twenty arpens on a water course, or any thing which may form a line for it, with the ordinary depth, conveys to those, in the least acquainted with the manner in which the Spanish government laid out the land of the public domain, the idea of the superficies produced by multiplying 20 by 40, which, in the present case, was the quantity of land intended to be sold.
Porter for the plaintiffs, Brent for the defendant
If any uncertainty exists in the present case, in consequence of the description not fixing the survey absolutely on the bayou, this will not be removed by the addition of the words in front.
From this view of the subject, we are of opinion, the district court erred in rejecting the deed on account of this interlineation.
It is, therefore, ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and the cause remanded, with directions to the district court to admit the deed in evidence, if there be no other objection.